## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SANDRA F. GREENROCK,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.  08-CV-404-TCK-TLW** |
| | ) | |
| **WHIRLPOOL CORP.,** | ) | |
| **a Delaware Corporation; and** | ) | |
| **DAVID BAILEY, in his individual and** | ) | |
| **official capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 11).  For reasons explained below, such motion is granted.

### I.      Factual Background

The following facts are alleged in the Complaint.  Plaintiff Sandra Greenrock ("Plaintiff") was employed with Defendant Whirlpool Corporation ("Whirlpool") as an assembly-line worker. In her first "cause of action," which is unnamed,  Plaintiff alleges that her fellow employees and supervisors began "forcing her to turn on her light and announce, out loud, why she needed a break."[1] Plaintiff further alleges that "[e]very time she needed a bathroom break, she had to yell out loud why she needed to take a break."  Plaintiff claims that these actions violated "an implied contract to treat each other with dignity and respect and not degradation and humiliation."  Plaintiff

---

[1]  All quotations in this section are taken from Plaintiff's Complaint.

also claims that these actions resulted in a "breach of contract or implied covenant under the common law."[2]

In her second cause of action, Plaintiff alleges that, after suffering a heart attack on April 25, 2007, Whirlpool "refused to allow her to draw disability and refused to allow her just compensation." This resulted in a "breach of contract, negligent management of an insurance claim, and a bad faith insurance claim for failure to honor the insurance coverage." Plaintiff further alleges that, after calling into work on January 8, 2007 in order to comply with her long-term disability requirements, she was terminated by Bailey the following day. Plaintiff claims that she was terminated because Bailey "wanted her long-term disability to be denied."

## II.    Legal Standard

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1969, 1974, 167 L.Ed. 2d 929 (2007)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 127 S. Ct. at 1974). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe

---

[2] Plaintiff's Complaint also alleges that her supervisor singled her out for discriminatory action "either because of her race, American Indian, or because of her age or her sex." However, Plaintiff has stated that she does not assert any claims arising under federal anti-discrimination laws. (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss 1.)

that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177.  In conducting this inquiry, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Id.*; *see also Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted).

III.     **First Cause of Action**

Based on further clarification provided in Plaintiff's response to Defendant's motion to dismiss, the Court construes the first cause of action as one for (1) breach of an implied contract created by an employee handbook; and (2) breach of some common-law right "to make proper visits to the restroom when he or she is in need" and to be treated with dignity.  (*See* Pl.'s Resp. to Defs.' Mot. to Dismiss 1-2.)  Plaintiff has not pointed the Court to any relevant handbook language, but her allegations are that the employee handbook created an implied contract to treat her with "dignity and respect."  The Court finds that any assurance in the handbook regarding treating employees with "dignity and respect" is at most a "vague assurance" that is not enforceable as an implied contract. *See Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1465 (10th Cir. 1994) (employee manual stating that company was committed to "the dignity and privacy due all human beings" and to providing "a safe and healthy workplace" were merely "vague assurances" that were "too indefinite to constitute a contractual offer which would enable a court to determine whether a contract has been performed"); *Anderson v. The Boeing Co.*, 222 F.R.D. 521, (N.D. Okla. 2004) (finding that contractual commitment to treat plaintiffs fairly is nothing more than a "vague assurance" that does

not create an implied contract).  As to a common-law right to take restrooms or be treated with dignity and respect by an at-will employer, Plaintiff has identified no legal support for her claim. The cases cited by Plaintiff involve pre-termination procedures guaranteed by an employer's handbook and have no application to the facts alleged.  *See, e.g., Kester v. City of Stilwell*, 933 P.2d 952, 954 (Okla. Civ. App. 1997) (finding that city personnel policies and procedures created enforceable rights regarding the specific procedure to discipline and/or terminate and that lower court erred in granting summary judgment because there were material facts in controversy concerning whether city followed such procedures in terminating the plaintiff).

## IV.    Second Cause of Action

Based on further clarification provided in Plaintiff's response brief, the Court construes the second cause of action as asserting a claim for wrongful termination based on Whirlpool's desire to avoid paying long-term disability.  (*See* Pl.'s Resp. to Defs.' Mot. for Summ. J. 2-3 ("[T]he lawsuit before the Court . . . is not for a long-term disability benefit . . . . It is for the simple cause of action for breach of contract . . . for the reason that the employer terminated [Plaintiff] prior to her sick leave being concluded. . . . The apparent reason [for the termination] was to prevent [Plaintiff] from collecting disability.").  Defendants argues that all such claims arising under state law and relating to Whirlpool's long-term disability plan are preempted by the Employment Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").

Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b).  ERISA preempts all state regulation of employee benefit plans, and the civil enforcement provisions of ERISA are the exclusive method to resolve benefits disputes. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (explaining

4

that "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans" and that "ERISA includes expansive preemption provisions"); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 55 (1987) (explaining that "the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive"). The preemptive scope of ERISA is so "'extraordinary' that it converts a state claim into a federal claim for purposes of removal and the well-pleaded complaint rule." *Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1156 (10th Cir. 2004).

The Court finds that Plaintiff's claim for retaliatory discharge based on use of long-term disability benefits is preempted by ERISA. ERISA contains a retaliatory discharge provision. *See* 29 U.S.C. § 1140 ("It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan"). ERISA's civil-enforcement mechanism, 29 U.S.C. § 1132(a), is "the exclusive remedy for vindicating rights [protected by 29 U.S.C. § 1140]." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990) (plaintiff alleged he was terminated because of company's desire to avoid making contributions to ERISA-governed pension fund and court held that plaintiff's cause of action was expressly preempted by ERISA); *Johnson v. E.A. Miller, Inc.*, No. 97-4200, 1999 WL 94827, at * 5 (10th Cir. Feb. 25, 1999) (holding that plaintiff's claim for retaliatory discharge based on use of medical benefits was preempted by ERISA); *Vargas v. Child Dev't Counsel of Franklin County, Inc.*, 269 F. Supp. 2d 954, 957 (S.D. Ohio 2003) (holding the plaintiff's state law public policy tort claim premised on the defendant's alleged motive to prevent her from obtaining benefits was preempted by ERISA); *Graf*

5

*v. DaimlerChrysler Corp.*, 190 F.Supp.2d 1002 (E.D. Mich. 2002) (holding that "a state law cause of action which purports to set forth a claim that a person has been discharged, discriminated against, retaliated against, harmed, etc., for claiming or attempting to claim his/her right to receive (or continue to receive) ERISA benefits, falls directly under the exclusive remedy Congress created in [29 U.S.C. § 1140]").[3]

Defendants' Motion to Dismiss (Doc. 11) is GRANTED.


ORDERED this 28th day of April, 2009.


_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Plaintiff alleges a claim for breach of the duty of goof faith and fair dealing in an insurance contract, such claim is also preempted. *See Allison v. Unum Life Ins. Co. of Am.*, 381 F.3d 1015, 1025-26 (10th Cir. 2004) (holding that a state law claim for bad faith breach of an insurance contract is preempted if it would fall within ERISA's civil enforcement provisions); *Divine v. Life Ins. Co. of N. Am.*, No. 06-CV-0099, 2006 WL 2054075, at * 1 (N.D. Okla. July 24, 2006) ("[T]he Tenth Circuit and the Oklahoma Supreme Court agree that Oklahoma's tort of bad faith does not regulate insurance and does not escape preemption under ERISA.").